IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JULIE CARNAHAN    )
      Plaintiff    )    Civil Action No. 13-353 Erie
    )
v.    )
    )
STERLING MEDICAL CORPORATION)    Magistrate Judge Susan Paradise Baxter
      Defendant    )

# MEMORANDUM OPINION AND ORDER

Magistrate Judge Susan Paradise Baxter

Plaintiff Julie Carnahan filed the instant retaliation suit under the False Claims Act alleging that Defendant Sterling Medical Corporation terminated her employment in retaliation for engaging in activity protected by the Act[1].

By Memorandum Opinion and Order filed on September 30, 2014, this Court directed that Defendant's motion to dismiss the original complaint be dismissed as moot and afforded Plaintiff the opportunity to amend her complaint in light of the Third Circuit's recent precedential decision in Foglia v. Renal Ventures Management, LLC, 754 F.3d 153 (3d Cir. 2014). ECF No. 14.

Thereafter, Plaintiff filed a motion for reconsideration of that order, arguing that the Foglia decision is inapplicable to the present retaliation action and requesting that this Court

---

[1] The False Claims Act allows private persons, called relators, to bring *qui tam* actions on behalf of the United States against persons or entities who knowingly submit false claims to the federal government. 31 U.S.C. § 37030(b)(1). The whistleblower provision of the Act "protects employees who assist the government in the investigation and prosecution of" these violations. Hutchins v. Wilentz, Goldman, & Spitzer, 253 F.3d 176, 186 (3d Cir. 2001), cert. denied, 536 U.S. 906 (2002).

1

deny Defendant's previously filed motion to dismiss. ECF No. 15. Plaintiff reads Foglia to apply only to False Claims Act claims brought in the context of *qui tam* actions, not, as here, to claims brought in a retaliation action.

Plaintiff also deduces from this Court's September 30th opinion that her pleading of the Original Complaint is sufficient to satisfy the more relaxed Rule 8(a) pleading standard. Plaintiff's supposition, in this regard, is incorrect. This Court did not rule that she has met the pleading requirements under Rule 8(a). Instead, the opinion laid out Plaintiff's allegations, cited the intervening Foglia decision, and, in the interests of fairness, concluded that because Plaintiff did not have the benefit of the Foglia decision at the time of the filing of the complaint, "she [would] be given an opportunity to amend her complaint if she believes that more specific pleading is necessary to comply with the heightened pleading requirement of Rule 9(b)." ECF No. 14, page 5. This Court has not ruled that the allegations of the original complaint meet the pleading requirements of Rule 8(a).

The choice here is Plaintiff's. In the event Plaintiff believes the Foglia decision is inapplicable to her retaliation claim, she may stand on her original complaint.

An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIE CARNAHAN, | ) | |
|     Plaintiff, | ) | Civil Action No. 13-353 Erie |
| | ) | |
| v. | ) | |
| | ) | |
| STERLING MEDICAL CORPORATION, | ) | Magistrate Judge Susan Paradise Baxter |
|     Defendant. | ) | |

**O R D E R**

AND NOW, this 29th day of October, 2014;

IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration [ECF No. 15] is DENIED. Plaintiff has until November 12, 2014 to file an Amended Complaint in light of the ruling in Foglia v. Renal Ventures Management, LLC, 754 F.3d 153 (3d Cir. 2014). In the event that Plaintiff believes Foglia has no application to this matter, she may stand on her original complaint. After November 12, 2014, this Court will issue a scheduling order.

                                                          /s/ Susan Paradise Baxter
                                                          SUSAN PARADISE BAXTER
                                                          United States Magistrate Judge